# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA,**

v.

**DETRICH DEMOND WALLER**,

    Defendant.

Case No. 5:99-CR-88 (HL)

### ORDER

This case is before the Court on Defendant's Motion to Correct Clerical Error (Doc. 82).

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. However, Rule 36 cannot be used "to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). Defendant requests that the Court amend its judgment entered on March 31, 2010 to reflect that Defendant developed a drug abuse problem while on supervised release so he can receive drug treatment while incarcerated. What Defendant seeks is not the correction of a clerical error, but rather a substantive change, which is not allowed under Rule 36.

Further, at no time during the proceedings regarding Defendant's violation of the terms of his supervised release, which included two hearings before the United States Magistrate Judge and one hearing before this Court, did Defendant ever raise his

alleged drug abuse problem. His counsel did not request that he be placed in the residential drug treatment program. The Court will not now, over a year and a half after Defendant was incarcerated on the supervised release violation, go back and bestow such a benefit on Defendant.

The Motion to Correct Clerical Error (Doc. 82) is denied.


**SO ORDERED**, this the 28th day of November, 2011.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**

mbh